UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| PAUL LINVILLE BARGO, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:19-CV-082-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY KIZZIAH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Paul Linville Bargo has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the application of a mandatory minimum to his federal sentence based upon prior felony drug convictions in Kentucky.[1] [R. 1] The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[2]

In August 2008 a federal grand jury in London, Kentucky issued a superseding indictment charging Bargo with twelve counts of possession with intent to distribute methamphetamine, marijuana, and oxycodone in violation of 21 U.S.C. § 841(a)(1), and of

---

[1] Bargo did not pay the five dollar filing fee required by 28 U.S.C. § 1914. He must do so within twenty-one (21) days.

[2] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Bargo's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief.") (citations and internal quotation marks omitted).

1

possession of pseudoephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2); three counts of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846; one count of conspiracy to intimidate or tamper with a witness in violation of 18 U.S.C. § 371; and one count of witness tampering in violation of 18 U.S.C. § 1512(b)(2)(a). In January 2009, one day after the trial began Bargo agreed to plead guilty to Counts 6-15 of the Superseding Indictment, which involved trafficking in marijuana and hydrocodone. One week later the jury found Bargo guilty of Counts 1-5 related to trafficking in methamphetamine, but not guilty of the witness tampering charges.

Prior to trial, the government had given notice pursuant to 21 U.S.C. § 851 that Bargo was subject to enhanced penalties because he had two prior state felony drug convictions for trafficking in marijuana. In light of those prior convictions, the Presentence Investigation Report indicated that Bargo was subject to a mandatory minimum term of life imprisonment without release. *See* 21 U.S.C. § 841(b)(1)(A)(viii) ("If any person commits a violation of this subparagraph ... after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release ...").

Bargo did not object to the PSR at sentencing. In August 2009, the trial court sentenced Bargo to life imprisonment without release on Counts One, Two, and Five for conspiracy to manufacture and/or distribute methamphetamine, 327 months imprisonment on Count Three for distribution of methamphetamine, 240 months imprisonment on Count Four for possession of pseudoephedrine with intent to manufacture methamphetamine, and terms of 120 months imprisonment for each of the ten counts of trafficking in marijuana and hydrocodone, all terms to be served concurrently with one another. Bargo appealed the calculation of the drug quantity,

but the Sixth Circuit affirmed his conviction and sentence. *United States v. Bargo*, No. 6: 08-CR-19-01-GFVT (E.D. Ky. 2008), *aff'd*, 482 F. App'x 78 (6th Cir. 2012).

In August 2013, Bargo sought relief from his conviction and sentence through motion filed pursuant to 28 U.S.C. § 2255. In one of several supplements to that motion, Bargo contended that his counsel was ineffective for failing to argue that his prior Kentucky convictions for drug trafficking did not qualify as prior "felony drug offenses" to warrant application of the mandatory minimum sentence of life imprisonment. The trial court rejected that argument, noting that "[b]ecause Defendant's prior convictions related to marijuana trafficking and were punishable by imprisonment for more than one year under Kentucky law, they qualify as prior convictions for purposes of enhancement. Whether Defendant's prior convictions would be felonies under federal law simply does not matter given their nature under Kentucky law." *United States v. Bargo*, No. 6:13-CV-7304-GFVT-HAI, 2014 WL 12703778, at *6 (E.D. Ky. July 10, 2014), *report and recommendation adopted*, 2016 WL 595493 (E.D. Ky. Feb. 12, 2016).

In 2017, Bargo requested permission to file a second or successive § 2255 motion to challenge his sentence. However, the Sixth Circuit denied his request, noting that *Johnson v. United States*, 135 S. Ct. 2551 (2015) provided no basis for relief because his sentence was not enhanced under 18 U.S.C. § 924(e), and that *Mathis v. United States*, 136 S. Ct. 2243 (2016) did not announce a new rule of *constitutional* law and did not apply retroactively as required by 28 U.S.C. § 2255(h)(2). *In re: Bargo*, No. 17-5342 (6th Cir. Aug. 30, 2017). In December 2018, Bargo attempted to seek relief under *Mathis* by filing a "Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." But he filed that document in

3

his criminal case, and no action has been taken upon it since its filing. Three months later, Bargo filed the same document, which has been docketed as a § 2241 petition in this action. [R. 1]

Bargo makes two arguments in his current petition. First, he contends that using the categorical approach described in *Mathis*, his prior Kentucky convictions for trafficking in marijuana do not constitute "felony drug offenses" as required to implicate the mandatory minimum sentences required by 21 U.S.C. § 841(b)(1)(A)(viii). Even assuming that Bargo's argument under *Mathis* satisfies the cognizability requirements of *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), his argument is misplaced. Neither *Mathis* nor the categorical approach discussed in that decision apply to the determination of whether a prior drug trafficking offense qualifies as a "felony drug offense." While *Mathis* applies to sentence enhancements under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1(a), it does not address or relate to sentence enhancements under § 841(b)(1)(A).

To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct *relating to* narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." (emphasis added). By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs. Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. *See United States v. Graham*, 622 F. 3d 445, 456-57 (6th Cir. 2010); *United States v. Soto*, 8 F. App'x 535, 541 (6th Cir. 2001) ("[T]his court does not employ a categorical approach to determining whether a prior conviction constitutes a 'felony drug offense' for purposes of section 841 (b)(1)."); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998)

4

("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999).

The more complex analysis involved in cases governed by *Mathis* is simply not relevant to determinations under § 841(b)(1)(A). *Cf. United States v. Smith*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)). The Sixth Circuit has repeatedly confirmed that *Mathis* is not applicable to sentences enhanced under § 841(b)(1)(A). *Smith v. Ormond*, No. 6: 18-012-DCR (E.D. Ky. Jan. 16, 2018), *aff'd*, No. 18-5101, 2018 WL 7143637, at *4 (6th Cir. July 30, 2018); *Hidalgo v. Smith*, No. 0: 17-CV-133 (E.D. Ky. Jan. 8, 2018), *aff'd*, No. 18-5230, at *4 (6th Cir. Sept. 20, 2018); *Romo v. Ormond*, No. 6: 17-CV-73-DCR (E.D. Ky. Sept. 14, 2017), *aff'd*, No. 17-6137, at *4 (6th Cir. Sept. 13, 2018); *McKenzie v. Ormond*, No. 17-CV-172-GFVT (E.D. Ky. Jan. 4, 2018), *aff'd*, No. 18-5072, at *4 (6th Cir. July 11, 2018).

Second, Bargo contends that the provisions of the Sentencing Reform and Corrections Act of 2017 apply retroactively and require that his life sentences be reduced to a term of 25 years imprisonment. [R. 1-1] This bill was never enacted into positive law. *See* https://www.congress.gov/bill/115th-congress/senate-bill/1917/text (last visited on March 26, 2019). It is likely that Bargo is referring to the First Step Act of 2018, which became law on December 21, 2018 and which contains similar provisions. *See*

https://www.congress.gov/bill/115th-congress/senate-bill/756 (last visited on March 26, 2019). Regardless, the proper forum to seek relief under such provisions is by motion filed in the court that imposed sentence; a § 2241 petition is not a proper vehicle to do so.

In addition, Bargo's assertion that the change applies retroactively is incorrect. The change he describes is set forth in Section 401(a)(2)(A)(ii) of the Act, but Section 401(c) states: "Applicability to *Pending* Cases: This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." (emphasis added). The Court makes no conclusive determination on the matter, but Bargo does not appear to qualify for relief under the Act because his sentence was imposed well before the First Step Act was enacted on December 21, 2018.

Accordingly, **IT IS ORDERED** as follows:

1. Petitioner must pay the five dollar filing fee required by 28 U.S.C. § 1914 within twenty-one (21) days.

2. Paul Linville Bargo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 10th day of April, 2019

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY